UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:16-cv-01306-RFB |
| Appellant, | ORDER |
| v. | |
| K&P HOMES, LLC, *et al*. | |
| Appellees. | |

## I. INTRODUCTION

This case was taken on appeal from the Bankruptcy Court on June 10, 2016. Bank of New York Mellon ("BNYM") filed its Opening Brief on September 12, 2016. [ECF No. 18]. K&P Homes, LLC ("K&P"), filed an Answering Brief on September 19, 2016. [ECF No. 22]. BNYM filed its Reply Brief on October 3, 2016. [ECF No. 23].

## II. BACKGROUND

### A. Factual Background

The following factual findings are taken from the bankruptcy court's order. On December 30, 2005, Countrywide KB Home Loans recorded a Deed of Trust with the Clark County recorder. The deed reflected that the debtors, Ursula Moore and Marlon Moore, obtained a loan for the property at issue in this case. On February 29, 2008, the debtors filed their voluntary petition for Chapter 7 bankruptcy, and in the petition stated they intended to surrender the property. The debtors listed Countrywide in the schedules, but did not list Alliante, a Homeowners' Association, in the schedules.

On March 2, 2008, Countrywide was served with a notice of the Chapter 7 bankruptcy petition. On April 14, 2008, the trustee stated "[t]here are no scheduled assets to administer." On June 23, 2008, the bankruptcy court entered the discharge order. On December 16, 2008, Alliante recorded a notice of default and an election to sell under the property at issue in this case, pursuant to a homeowners' association lien. Alliante had not sought relief from the automatic bankruptcy stay when it recorded the notice.

On November 4, 2009, Alliante recorded a notice of trustee's sale regarding the property. On January 23, 2009, the bankruptcy court entered the final decree and closed the case. Sometime in 2010, Alliante recorded a second notice of trustee sale regarding the property.

On February 17, 2012, Bank of America recorded an assignment of deed of trust with the Clark County recorder. Under the assignment, all beneficial interest in the property was assigned to BNYM. On February 20, 2013, Alliante recorded a notice of foreclosure sale regarding the property.

K&P purchased the property at a foreclosure sale held March 15, 2013. On March 20, 2013, K&P recorded a foreclosure deed. Under this deed, Alliante granted and conveyed the property to K&P Homes.

On August 8, 2014, K&P filed a quiet title action in state court. On September 5, 2014, BNYM filed an answer and counterclaim in the state court case. On June 17, 2015, BNYM filed a motion for summary judgment in the state court case and alleged that there had been a violation of the automatic stay in bankruptcy court, by Alliante.

**B. Bankruptcy Court Order**

On July 6, 2015, K&P filed a motion to reopen the bankruptcy case, and for the bankruptcy court to retroactively annul the stay order. The bankruptcy court found that, under In re Pecan Groves of Arizona, 951 F.2d 242 (9th Cir. 1991), BNYM lacked standing to allege the invalidity of the sale and violation of the stay. The bankruptcy court interpreted Pecan Grove to hold that creditors do not have standing to appeal a trustee's unsuccessful motion, and that BNYM lacked standing for purposes of objecting to the motion to annul the stay. Therefore, it addressed K&P's motion and disregarded BNYM's position on the issue.

The bankruptcy court applied the 12-factor Fjeldsted test from In re Fjeldsted, 293 B.R. 12 (9th Cir. B.A.P. 2003), and determined that annulment of the automatic stay, prior to June 23, 2008, was appropriate. It entered its Annulment Order on May 3, 2016. This then rendered the 2008 Alliante notice of trustee's sale **not in violation** of the bankruptcy stay.

### C. Procedural Background of Appeal

BNYM filed an appeal of the bankruptcy court's Annulment Order with this Court on June 10, 2016. [ECF No. 1]. Concurrently with its Notice of Appeal, BNYM filed with the bankruptcy court a Motion for Stay Pending Appeal, pursuant to Federal Rule of Bankruptcy Procedure 8007, seeking a stay of the Annulment Order while the instant appeal proceeds. This Motion for Stay was fully briefed in the bankruptcy court, and at a hearing on June 15, 2016, the bankruptcy court denied the stay pending appeal. BNYM then filed an Emergency Motion to Stay with this Court on June 16, 2006. [ECF No. 3]. Appellee K&P Homes filed a Response on June 20, 2016. [ECF No. 5]. This Court reviewed the motion and found that it did not warrant resolution on an emergency basis. [ECF No. 7].

BNYM filed its Opening Brief on September 12, 2016. [ECF No. 18]. K&P filed an Answering Brief on September 19, 2016. [ECF No. 22]. BNYM filed its Reply Brief on October 3, 2016. [ECF No. 23]. The Court held a hearing on the Emergency Motion to Stay, as well as the underlying substantive appeal, on March 14, 2017. [ECF No. 26]. At that hearing, the Court denied Appellant's Emergency Motion to Stay. The Court incorporates the findings made at that hearing, and in this order addresses the appellate briefs.

### III. LEGAL STANDARD

On appeal to the District Court, the Bankruptcy Court's conclusions of law are reviewed *de novo*, and its factual findings are reviewed for clear error. In re Summers, 332 F.3d 1250, 1252 (9th Cir. 2003). Interpretation of statutes, and standing issues, are issues of law, which are reviewed by the appellate court *de novo*. In re Mike Hammer Prod., Inc., 294 B.R. 752, 753 (9th Cir. B.A.P. 2003).

A bankruptcy court's interpretation of its orders is reviewed *de novo*. In re Glasply Marine Industries, Inc., 971 F.2d 391, 393 (9th Cir. 1992). Still, special deference is given to the trial court's interpretation of its orders. See Officers for Justice v. Civil Service Comm'n of City and Cty. of San Francisco, 934 F.2d 1092, 1094 (9th Cir. 1991); In re Aftandilian, 2014 WL 1244789 at *5 (B.A.P. 9th Cir. Mar. 26, 2014).

In determining whether to annul a stay, a bankruptcy court must balance 12 factors. In re Fjelsted, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003): 1) number of filings; 2) whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; 3) a weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser; 4) the debtor's overall good faith, based on a totality of circumstances; 5) whether creditors knew of the stay but nonetheless took action, thus compounding the problem; 6) whether the debtor has complied, and is otherwise complying, with the Bankruptcy Court and Rules; 7) the relative ease of restoring parties to the *status quo ante*; 8) the costs of annulment to debtors and creditors; 9) how quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; 10) whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; 11) whether annulment of the stay will cause irreparable injury to the debtor; and 12) whether stay relief will promote judicial economy or other efficiencies.

## IV. DISCUSSION

BNYM has asserted ten separate issues on appeal. However, they are all encapsulated in the following two arguments: (1) that creditors have standing to oppose a Motion to Annul and that the bankruptcy court's application of Pecan Groves was overbroad, and (2) that the bankruptcy court erred in its application of the Fjelsted standard in annulling the automatic stay in this case.

### A. Standing

BNYM argues that, because the Ninth Circuit has articulated that both debtors and creditors are meant to be protected by the automatic stay, the statutory scheme is intended to also protect

creditors, and therefore BNYM should have had standing to challenge the Motion to Annul Stay. BNYM argues that it had such standing pursuant to the Ninth Circuit's contours for prudential standing, which requires a party to: (1) assert its own rights; (2) allege more than a generalized grievance; (3) and allege an interest within the zone of interests protected or regulated by the statute in question. Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987). In re Pecan Groves held "that a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay" in a Chapter 7 bankruptcy. 951 F.2d 242, 245-46 (9th Cir. 1991). It recognized that "[T]he trustee is charged with the administration of the estate for the debtor's and creditor's benefit. *Allowing unsecured creditors to pursue claims the trustee abandons could subvert the trustee's powers.* Granting [creditors] standing will overburden the bankruptcy courts with litigation." Id. (emphasis added). The Court also considered the claim of a lienholder against property within the bankruptcy estate, and held that "he does not have standing in a bankruptcy proceeding to challenge actions as violative of the stay." Id. at 246.

In Pecan Groves, unsecured creditors who had obtained assignments of claims against the debtor, but had not actually paid for the claims they held, intervened in a trustee's adversary proceeding to invalidate a sale held in violation of the bankruptcy court's stay. The Ninth Circuit held that "where the original party to a lawsuit decides not to appeal (here, the trustee), the intervenor must have independent standing to appeal." 951 F.2d 242, 245 (9th Cir. 1991). It also held that a lienholder "does not have standing in a bankruptcy proceeding to challenge actions as violative of the stay". Id. at 246. BNYM argues that the bankruptcy court erred in applying Pecan Groves to determine that creditors have no standing to challenge violations of the stay; BNYM argues that the bankruptcy court should have instead engaged in an analysis of whether BNYM had constitutional and prudential standing. BNYM has raised no Ninth Circuit precedent that clearly contradicts Pecan Groves. Instead, it argues that, for several reasons, Pecan Groves should not be extended to the instant circumstances.

BNYM first argues that the circumstances in the instant case are factually distinguishable from those in Pecan Groves, in that BNYM was a secured creditor at the time the sale in violation of the stay occurred. However, the explicit holding of Pecan Groves does not limit itself to secured

- 5 -

creditors; rather, the Ninth Circuit held "that a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay" and that "a property owner with interests adverse to the estate…does not have standing in a bankruptcy proceeding to challenge actions as violative of the stay." Id. This argument is based in part on the view that creditors should not be able to erode the authority of the trustee, and the efficiency of the bankruptcy process, by bringing claims the trustee abandons. In the instant case, the trustee did not challenge K&P's Motion to Annul Stay, and therefore the bankruptcy court determined that BNYM did not have independent standing to challenge the motion. BNYM argues that subsequent Ninth Circuit decisions call Pecan Groves into question. However, none of the cases it cites have altered the holding of Pecan Groves. While the Ninth Circuit has acknowledged that the automatic stay provision of the Bankruptcy Code protects both debtors and creditors, a premise which was not recognized by Pecan Groves, no case stands for the proposition that a creditor has standing to challenge a violation of the automatic stay. Instead, the Ninth Circuit has recognized that creditors are entitled to recover damages incurred as a result of a violation of the automatic stay by another creditor. In re Goodman, 991 F.2d 613, 618 (9th Cir. 1993). This does not equate to a right to bring a direct challenge to a stay violation under Section 362 of the Bankruptcy Code.

Absent a clear contrary holding from the Ninth Circuit, this Court is not in a position to ignore the holding of Pecan Groves. The Ninth Circuit Bankruptcy Appellate Panel, in In re Spaulding Composites Co. Inc., 207 B.R. 899, 903 (9th Cir. B.A.P. 1997), raised some of the tensions which Appellant raises: pointing out that since Pecan Groves, the Ninth Circuit has deemed actions taken in violation of the stay per se void, not merely voidable (such that they would require an exercise of the bankruptcy trustee's exclusive power, and that therefore standing to challenge actions would impinge on the trustee's power); and that creditors are entitled to damages, and have beneficial interests protected by the bankruptcy statute, which Pecan Groves did not recognize. However, the In re Spaulding Court "express[ed] no view on these matters". Id. at FN 4. Therefore, Pecan Groves continues to remain controlling law.

The Court therefore affirms the bankruptcy court's decision that BNYM lacked standing, under Pecan Groves, to oppose the motion to annul the stay, and the Court holds that BNYM now

lacks standing to appeal the bankruptcy court's decision of annulment. Therefore, the Court does not review the annulment of the stay.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Bank of New York Mellon's Appeal is DENIED, and the Court affirms the ruling of the Bankruptcy Court in this matter.

**DATED**: October 5, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**